**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LIBERTY STREET UPT, LLC AND 1008 THIRD STREET, LLC** *Petitioners* | * | **CIVIL ACTION NO.** |
| | * | **JUDGE:** |
| **VERSUS** | * | **MAGISTRATE JUDGE:** |
| | * | |
| **HUDSON EXCESS INSURANCE COMPANY** *Defendant* | * | |

**NOTICE OF REMOVAL**

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

**Hale Boggs Federal Building**
**500 Poydras Street**
**New Orleans, Louisiana 70130**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Hudson Excess Insurance Company ("Hudson"), who, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of this case from the Civil District Court for the Parish of Orleans, in the State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Hudson files this Notice of Removal with full reservation of any and all rights, defenses and objections, including but not limited to, vagueness, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, preemption, and no cause of action. The grounds for removal are as follows:

**INTRODUCTION**

1. On August 23, 2023, Plaintiffs, Liberty Street UPT, LLC and 1008 Third Street, LLC, filed a Petition for Damages ("Petition") in the Civil Judicial District Court for the Parish of Orleans, State of Louisiana, entitled, *Liberty Street UPT, LLC and 1008 Third Street, LLC v. Hudson Excess Insurance Company,* Suit No. 2023-09031, Division "C-10." Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Petitioner in the state court action is attached hereto as Ex. "A."

2. Plaintiffs' lawsuit suit arises out of damage to certain properties located in New Orleans, Louisiana[1] (the "Properties") resulting from Hurricane Ida on August 29, 2021. *Ex. "A" – State Court Pleadings*. Plaintiffs assert Hudson provided a policy of insurance (the "Policy") providing coverage for the Properties. *Ex. "A"* ¶*7.* Plaintiffs alleges Hudson breached the Policy by purposely and/or negligently misrepresenting to Plaintiffs the terms and conditions of the Policy, by not conducting the investigation and claims handling within the duty of good faith and fair dealings, and by failing to adequately compensate Plaintiffs for damages to the Properties and Plaintiffs' personal properties. *Ex. "A"* ¶*23-26*. Plaintiffs further contend Hudson's actions and/or inactions are violated La. R.S. 22:1892 and 22:1973, making them liable for statutory bad faith penalties. *Ex. "A"* ¶*33-38.*

3. Plaintiffs contend Hudson is liable to them for: diminution of the value of the Properties; actual repair costs; lost/damaged contents; any covered additional living expenses;

[1] The Properties are located at:
4717-4719 S. Liberty Street, New Orleans, LA;
4721-4723 S. Liberty Street, New Orleans, LA;
4725-4727 S. Liberty Street, New Orleans, LA;
4721A-4719A S. Liberty Street, New Orleans, LA;
4725A-4727A S. Liberty Street, New Orleans, LA; and
1008-1010 S. Liberty Street, New Orleans, LA.

embarrassment and loss of enjoyment of the use of his home; mental anguish; penalties delineated in La. R.S. 22:1892 and 22:1973; and attorney's fees, other professional fees, and litigation costs. *Ex. "A" ¶38.*

4. Hudson has yet to file its Answer in state court prior to removal, and thus, will file its initial responsive pleadings in accordance with Federal Rule of Civil Procedure 81(c).

**THE NOTICE OF REMOVAL IS TIMELY**

6. Hudson first become aware that Plaintiffs filed the subject lawsuit against it on October 26, 2023, when undersigned counsel informed Hudson of the filing.[2]

7. Upon learning of the lawsuit on October 26, 2023, Hudson immediately conducted an investigation into whether it received legal process for the lawsuit.[3]

8. Hudson's investigation confirmed that it never received legal process from the Louisiana Secretary of State.[4]

9. According to the Louisiana Secretary of State's online case-search system, the Secretary of State received legal process for this lawsuit on September 15, 2023,[5] and forwarded it to Hudson on September 18, 2023 via Certified Mail, Receipt No. 9489009000276568670231.[6]

10. According to the United States Postal Service ("USPS") online tracking system, USPS received the parcel bearing receipt no. 9489009000276568670231 on September 21, 2023, but it has been prepared for delivery, has not gone out for delivery, and has not been

---

[2] *See Ex. C*, Affidavit of Melissa A. McKnight at ¶ 3; *Ex. B*, Affidavit of A. Lamb at ¶ 4.
[3] *See Ex. C*, Affidavit of M. McKnight at ¶ 4; *Ex. B*, Affidavit of A. Lamb at ¶ 5.
[4] *See Ex. C*, Affidavit of M. McKnight at ¶ 5.
[5] *See Ex. B*, Affidavit of A. Lamb at ¶ 6-7.
[6] *See Ex. B*, Affidavit of A. Lamb at ¶ 6-7.

delivered to Hudson.[7] Rather, the last tracked event was on September 25, 2023, when the system shows that the parcel was "Moving through Network In Transit to Next Facility."[8]

11. To date, Hudson has not received a copy of the Petition or Citation from the Louisiana Secretary of State.[9]

12. Upon learning of the lawsuit on October 26, 2023, Hudson took prompt steps to timely remove this lawsuit.

13. "[T]he vast majority of district courts in this circuit have held that service on a statutory agent (such as the Louisiana Secretary of State), on behalf of a foreign defendant, does not trigger the thirty-day removal clock." *First Choice Surgery Ctr. of Baton Rouge, LLC v. United Healthcare Servs., Inc.,* No. 12-CV-0065, 2012 WL 3109483, at *3 (M.D. La. July 30, 2012); *see also Barackman v. Banister*, No. 06-3622, 2007 WL 189378, at *1 (S.D.Tex. Jan. 22, 2007) ("majority of courts considering the question have held that time for removal runs from receipt by the named defendant after transmission from the statutory agent").

14. Rather, the 30-day time period for removal starts to run when the defendant or its agent actually receives process, not when the Secretary of State is served. *See Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, No. CIV.A. 08-902, 2008 WL 783592, at *2 (E.D. La. Mar. 25, 2008); *Manuel v. Unum Life Ins. Co. of America*, 932 F.Supp. 784 (W.D.La. 1996); *Sasser v. Allstate Ins. Co.*, No. 07-3926, 2007 WL 3119428, at *1 n. 1 (E.D.La. Oct.23, 2007); *Martin & Pannagl, Ltd. V. Scottsdale Ins. Co*., No. 06-10536, 2007 WL 708780, at *1 (E.D.La. March 5, 2007); *Backes v. Colonial Life & Accident Ins.*, No. 06-215, 2006 WL 901799, at *2 (E.D.La. April 4, 2006) ("Actual notice to defendants is

---

7 *See Ex. B*, Affidavit of A. Lamb at ¶ 8-10.

8 *See Ex. B*, Affidavit of A. Lamb at ¶ 8-9.

9 *See Ex. C*, Affidavit of M. McKnight at ¶ 6.

necessary in order to convey required information and afford them statutorily prescribed amount of time to decide in which court the case should be heard").

15. Because Hudson has not received process from the Secretary of State, this removal is timely filed within 30 days from when Hudson received a copy of the lawsuit on October 26, 2023, as required by 28 U.S.C. § 1446(b)(1).

16. Moreover, Hudson files this Notice of Removal within one year of the commencement of this action, as required by 28 U.S.C. § 1446(c)(1).

17. Accordingly, the removal of this action is timely. No previous application for removal has been made.

**BASIS FOR JURISDICTION IN THIS COURT**

**A. Complete Diversity Exists Between the Parties**

18. The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a).

    a. The Petition alleges that Plaintiffs are domestic limited liability companies registered in and doing business in Orleans Parish, Louisiana. *See Ex. "A."* For the purpose of determining diversity, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

    b. According to a public records search, Liberty Street UPT, LLC's members are Ryan Dileo and Elizabeth Dimitri, both of whom are located in Louisiana. Thus, Plaintiff Liberty Street UPT, LLC is a citizen of Louisiana.

    c. According to a public records search, 1008 Third Street, LLC's members are Ryan Dileo and Elizabeth Dimitri, both of whom are located in Louisiana. Thus, Plaintiff 1008 Third Street, LLC is a citizen of Louisiana.

    d. Hudson is a corporation. Under 28 U.S.C. § 1332, a corporation is a citizen of every state in which it is incorporated and the state in which it has its principal place of business. Hudson is not incorporated in Louisiana, nor does it have its principal place of business in Louisiana. Rather, Hudson is incorporated under the laws of Delaware, and its principal place of business (i.e., its headquarters) is in New York.

    e. Because Plaintiffs are citizens of Louisiana, and because Hudson is a citizen of Delaware and New York, complete diversity exists among the parties.

**B. The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs**

19. Fifth Circuit jurisprudence holds that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). The facts set forth in the Petition and this Notice of Removal establish that the requisite amount in controversy exceeds $75,000.00, exclusive of interest and costs.

20. Plaintiffs contend Hudson is liable to them for: diminution of the value of the Properties; actual repair costs; lost/damaged contents; any covered additional living expenses; embarrassment and loss of enjoyment of the use of his home; mental anguish; penalties delineated in La. R.S. 22:1892 and 22:1973; and attorney's fees, other professional fees, and litigation costs.

21. The coverage limits on Plaintiffs' Policy for the subject Properties are as follows:

    Building Coverage:

    4717-4719 S. Liberty Street, New Orleans, LA (Loc. 1, Bldg. 1) - $125,000.00

    4721-4723 S. Liberty Street, New Orleans, LA (Loc. 2, Bldg. 1) - $125,000.00

    4721-4723 S. Liberty Street, New Orleans, LA (Loc. 2, Bldg. 2) - $4,000.00

    4725-4727 S. Liberty Street, New Orleans, LA (Loc. 3, Bldg. 1) - $125,000.00

    4717A-4719A S. Liberty Street, New Orleans, LA (Loc. 4, Bldg. 1) - $125,000.00

    4725A-4727A S. Liberty Street, New Orleans, LA (Loc. 5, Bldg. 1) - $125,000.00

    4725A-4727A S. Liberty Street, New Orleans, LA (Loc. 5, Bldg. 2) - $15,000.00

    1008-1010 S. Liberty Street, New Orleans, LA  (Loc. 6, Bldg. 1) - $550,000.00

    Personal Property Coverage:

    1008-1010 S. Liberty Street, New Orleans, LA  (Loc. 6, Bldg. 1) - $5,000.00

    Business Income Coverage:

    1008-1010 S. Liberty Street, New Orleans, LA  (Loc. 6, Bldg. 1) - $45,000.00

    *See Ex. "D,"* Policy Declarations.

22. Plaintiffs also avers they have suffered and will continue to suffer damages because of the alleged breaches. *Ex. "A" ¶27.*

23. Additionally, Plaintiffs do not allege in their Petition that the amount in controversy is below $75,000.00, as is provided for under La. Code Civ. Proc. art. 893(A) to establish "the lack of jurisdiction of federal courts due to insufficiency of damages."

24. While Hudson does not concede liability or any element of damages, it submits that based on the allegations in Plaintiffs' Petition, evidence submitted herein, and the absence of any assertion by Plaintiffs that their damages are below the $75,000.00, it cannot be

disputed that that the amount of controversy exceeds $75,000.00, exclusive of interest and costs.

## PROCEDURE

25. A copy of this Notice of Removal is being served on Plaintiffs and will be filed into the record of the Civil District Court, Parish of Orleans, State of Louisiana.

26. As required by 28 U.S.C. § 1446(a), a copy of the entire state court record is attached hereto as *Ex. "A"*.

27. Pursuant to the requirements of 28 U.S.C § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit, will be promptly filed with the Clerk of Court of the Civil District for the Parish of Orleans, State of Louisiana, as provided by law. *See* Notice of Filing of Notice of Removal, attached hereto as *Ex. "E"*.

28. Hudson requests a trial by jury on all issues.

29. Hudson reserves the right to amend or supplement this Notice of Removal as necessary.

## LIST OF PARTIES REMAINING IN ACTION

30. Hudson Excess Insurance Company, Defendant;

31. Liberty Street UPT, LLC, Plaintiff; and

32. 1008 Third Street, LLC, Plaintiff.

Respectfully submitted,

**ADAMS AND REESE LLP**
*/s/ Alexandra Roselli Lamb*
Christopher A. D'Amour #26252
Alexandra Roselli Lamb (#37847)
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Tel: (504) 581-3234
Fax: (504) 566-0210
chris.d'amour@arlaw.com;
alex.lamb@arlaw.com
***Counsel for Hudson Excess Insurance Company***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon Plaintiffs and all counsel of record via email this 17th day of November, 2023.

*/s/ Alexandra Roselli Lamb*
Alexandra Roselli Lamb